**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM LAVELLA KOLLIE,

                Petitioner,

                v.

PAMELA BONDI, et al.,

                Respondents.

Civil Action No. 26-1158 (MAS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Petitioner William Lavella Kollie's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition. (ECF No. 6.) Petitioner did not file a reply. (ECF Docket Sheet.) For the following reasons, Petitioner's habeas petition is dismissed without prejudice.

## I.    BACKGROUND

Petitioner is a native and citizen of Libera who entered the United States on a B2 visitor visa in February 2016. (ECF No. 6-1 at 1.) When that visa expired in August 2016, Petitioner did not depart the United States, and instead overstayed his visa. (*Id.*) Based on the overstay of his visitor visa, the Government took Petitioner into immigration custody on February 3, 2026. (ECF No. 6-2 at 2.) Petitioner has remained in detention pursuant to 8 U.S.C. § 1226(a) since that time. (*Id.*) Despite being entitled to a bond hearing under that statute, Petitioner has declined to request such a hearing before an immigration judge. (*See* ECF No. 6 at 2.) Instead, Petitioner seeks to

challenge his detention through this habeas petition, asserting that his continued detention under § 1226(a) violates his rights to due process. (ECF No. 1.)

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    <u>DISCUSSION</u>

Petitioner seeks to challenge his ongoing immigration detention pending the completion of his removal proceedings pursuant to 8 U.S.C. § 1226(a). Under that statute, the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018). Where the Government chooses to detain an alien, the alien is free to request a bond hearing before an immigration judge, and to appeal any adverse decision as to his bond request to the Board of Immigration Appeals. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279. Where the immigration judge denies bond and the underlying bond hearing was not otherwise held in a fashion violative of Due Process, "[n]o court may set aside any action or decision taken by [the immigration judge] . . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* (quoting 8 U.S.C. § 1226(e)).

Although Petitioner contends that his continued detention under the statute denies him due process, he has declined to seek a bond hearing before an immigration judge, and has thus failed

to make use of the processes available to him.  This failure is fatal to Petitioner's ability to challenge his detention in this habeas matter.  As one court in this district has explained,

> Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court.  *See Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003); *Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994).  "[E]ven when an alien is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . . , it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies."  *Duvall*, 336 F.3d at 233.  Because the exhaustion requirement is jurisdictional, the failure of a habeas petitioner to present his claims first to the immigration courts is "fatal to the District Court's jurisdiction over [his] habeas petition."  *Id.*  [Wh]ere, [the petitioner] has an administrative remedy available [he must make use of that remedy before he can challenge his detention in federal court] – [*i.e.*,] if [a petitioner] wishes to seek his release [from detention under § 1226(a)], he must [first] seek[] a bond hearing before an immigration judge. . . . That [a petitioner] has not done so renders his [habeas petition seeking a bond hearing or release] unexhausted, which in turn deprives this Court of jurisdiction over the claims raised in his habeas petition.

*Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sep. 17, 2020).

Petitioner has neither sought nor had a bond hearing in the immigration courts – indeed, he has expressly declined to do so – and has thus failed to fully exhaust his challenge to his detention under § 1226(a).  The Court must therefore dismiss his habeas petition without prejudice for lack of exhaustion.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**  An order consistent with this Opinion will be entered.

Dated: 5/11/26

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3